| | |
|---|---|
| EUGENE HILL, | Civil No. 06cv1769 LAB(RBB) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS [DOC. NO. 11]** |
| v. | |
| G. J. GIURBINO, Warden, | |
| Respondent. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Petitioner Eugene Hill, a prisoner proceeding pro se and in forma pauperis, filed the pending Petition for Writ of Habeas Corpus [doc. no. 1] pursuant to 28 U.S.C. § 2254. The Petition was filed in the United States District Court for the Central District of California on July 26, 2006. On August 30, 2006, the Petition was transferred to this Court. Petitioner makes four claims: (1) The Board of Prison Terms (now known as the Board of Parole Hearings ("BPH")) altered the transcripts of his March 20, 2002, parole hearing; (2) the BPH did not consider letters submitted on Hill's behalf in support of his suitability for parole; (3) during his parole hearing, the BPH commissioner referenced the crime of stalking although Petitioner was not convicted of stalking; and (4) the district attorney fraudulently misrepresented at the BPH hearing that Hill had not engaged in programming, therapy, or educational training while in prison. (Pet. 5-6.) Petitioner also alleges that the BPH erred when it considered malicious statements made by a correctional officer about him, and the BPH made recommendations

1  that are forbidden by California law.[1]  (Id. at 5a; see Pet. Attach. Ex. Vol. III at 2 [doc. no. 1, Pt. 1, at 10].)

On February 2, 2007, Respondent Giurbino filed a Motion to Dismiss [doc. no. 11] and a Notice of Lodgment [doc. no. 12]. Respondent claims the Petition should be dismissed because it is untimely; Hill's claims are unexhausted; and it fails to state a federal question. (Mot. to Dismiss 2.) Petitioner filed an Opposition to Motion of Respondent[] to Dismiss [doc. no. 18] and a Notice of Lodgment on April 4, 2007 [doc. no. 18 Attach. 1].

The Court has reviewed the Petition, Respondent's Motion and Memorandum in Support of the Motion, Hill's Opposition, and the lodgments. For the reasons expressed below, Respondent's Motion to Dismiss is **GRANTED**.

**I.        FACTUAL BACKGROUND**

On April 17, 1990, in the Los Angeles Superior Court, Petitioner was convicted of attempted murder. (Pet. 2; Lodgment No. 1, People v. Hill, No. A822011, Judgment (Cal. Super. Ct. June 21, 1990).) The jury also found that in the commission of the offense, Hill personally used a firearm and caused great bodily injury. (Lodgment No. 1, People v. Hill, No. A822011, Judgment; Lodgment No. 2, Legal Status Summary.) While separated from his wife, Petitioner went to her home and shot her once in the abdomen and once in the arm with a shotgun. (Lodgment No. 8, In re Hill, No. BH002655, Order 1-2 (Cal. Super. Ct. June 11, 2004).) He was sentenced to life imprisonment with the possibility of parole, with an additional five-year term for the firearm use and great bodily injury enhancements. (Lodgment No. 1, People v. Hill, No. A822011, Judgment.) His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court declined to review that decision. (Pet. 3.)

///

---

[1] Petitioner's fifth and sixth grounds for relief were not explicitly stated in his federal Petition but were incorporated into his Petition by reference to documents he filed in the California Supreme Court, which are attached to the Petition. (Pet. 5a); see Johnson v. Evans, No. CIV S-06-0554 MCE EFB P, 2007 U.S. Dist. LEXIS 8130, at *5-6 (N.D. Cal. Jan. 25, 2007) (allowing petitioner to incorporate claims into his federal petition by reference to an earlier state habeas petition).

Petitioner had a parole hearing on March 20, 2002. (Lodgment No. 3, BPH Decision on Appeal 1 (Feb. 11, 2003).) The Board denied Hill parole for two years, finding that he "would pose an unreasonable risk of danger if released from prison at th[at] time." (Id.; Pet. Attach. BPH Decision 1.) The Board noted that Petitioner's offense was carried out in a cruel, dispassionate manner. (Pet. Attach. BPH Decision 1.) Hill had a history of criminality. (Id. at 2.) He had "failed to program" in prison, and he had not increased his education level or his vocational skills. (Id.) The Board also noted that a psychiatric evaluation indicated therapy was necessary to address Petitioner's history of committing domestic violence and stalking his wife. (Id. at 5.) Hill was instructed to remain discipline-free, participate in self-help and therapy programming, and solidify his parole plans in writing. (Id.)

## II. PROCEDURAL BACKGROUND

Petitioner submitted an inmate grievance (known as a "602 form") on May 16, 2002, complaining about the parole denial. (Pet. Attach. Hill v. Superior Court, No. not included, Pet. for Habeas Corpus Ex. C-4) (Cal. Ct. App. filing date not included) [doc. no. 1, Pt. 1, at 108]. He complained that the BPH based its decision in part on statements made by a correctional officer who indicated that Hill would pose an unpredictable threat of harm if released. (Id.) Petitioner asserted that the correctional officer did not know Hill well enough to form an opinion about his level of dangerousness. (Id.) Petitioner's grievance was denied at the informal level on May 29, 2002. (Id.) Hill appealed the adverse determination of his 602, and it was denied at all three levels of formal review. (See id. at C-25 [doc. no. 1, Pt. 1, at 125].) The appeal was concluded on January 17, 2003, when it was denied at the Director's Level of Review. (Id.) Petitioner also appealed the parole denial to the BPH on August 9, 2002. (See Lodgment No. 3, BPH Decision on Appeal 1.) The Board denied his appeal on February 11, 2003. (Id.)

On September 22, 2003, Hill filed a habeas corpus petition in the state superior court. (Lodgment No. 4, Hill v. Daly, No. BH002463, Pet. for Habeas Corpus 1 (Cal. Super. Ct. Dec. 9, 2003).) He made six claims, all arising from his March 20, 2002, parole hearing: (1) The BPH altered the hearing transcripts; (2) the Board did not consider letters submitted in support

of Petitioner; (3) the BPH stated that Hill stalked his ex-wife although he was never convicted of stalking; (4) the deputy district attorney made fraudulent misrepresentations about Petitioner's programming in prison; (5) a correctional officer's opinion was used by the Board to deny Hill parole, although the officer did not know Petitioner well enough to form an opinion about his parole suitability; and (6) the BPH's recommendation that Hill participate in self-help and therapy programming was unjust and contrary to California law. (Id. at 3-30.) The petition was denied on December 9, 2003. (Lodgment No. 6, In re Hill, No. BH002463, Order 1-2 (Cal. Super. Ct. Dec. 9, 2003).) Petitioner filed a request for reconsideration on March 9, 2004, and it was denied on June 11, 2004. (Lodgment No. 7, In re Hill, No. BH002463, Request to Reconsider 1 (Cal. Super. Ct. June 11, 2004); Lodgment No. 8, In re Hill, No. BH002463, Order 5 (Cal. Super. Ct. June 11, 2004).)

Hill filed a habeas petition in the California Court of Appeal, Fourth Appellate District, on July 27, 2004. (Pet'r's Lodgment No. 3, In re Hill, No. D044756, Letter from Deputy Clerk Jean Cook to Petitioner (July 29, 2004) [doc. no. 18 Attach. 1.]) The petition was denied without prejudice on August 10, 2004, because it had been filed in the wrong appellate district. (Id. Order of Aug. 10, 2004.) Petitioner refiled the habeas petition in the Second Appellate District of the California Court of Appeal on August 23, 2004. (Lodgment No. 9, Hill v. Superior Court, No. B177389, Pet. for Habeas Corpus 1 (Cal. Ct. App. Aug. 26, 2004).) Petitioner alleged that the superior court erred in denying his habeas petition and in failing to address claims three through six of his petition. (Id. at 3-6.) The appellate court denied his petition on August 26, 2004. (Lodgment No. 10, In re Hill, No. B177389, Order 1 (Cal. Ct. App. Aug. 26, 2004).)

On May 13, 2005, Hill filed a habeas petition in the California Supreme Court, asking the court to review the decisions of the superior court and appellate court denying his petitions. (Lodgment No. 11, In re Hill, No. S133871, Pet. for Habeas Corpus 3-6 (Cal. Feb. 1, 2006).) The petition was denied on February 1, 2006, with a citation to In re Robbins, 18 Cal. 4th 770, 780, 959 P.2d 311, 316, 77 Cal. Rptr. 2d 153, 158 (1998); In re Dannenberg, 34 Cal. 4th 1061, 104 P.3d 783, 23 Cal. Rptr. 3d 417 (2005); and In re Rosenkrantz, 29 Cal. 4th 616, 59 P.3d

174, 128 Cal. Rptr. 2d 104 (2002). (Lodgment No. 5, <u>In re Hill</u>, No. S133871, Order 1 (Cal. Feb. 1, 2006).)

Petitioner filed the pending Petition for Writ of Habeas Corpus [doc. no. 1] in the United States District Court for the Central District of California on July 26, 2006. On August 14, 2006, District Judge Ronald S. W. Lew ordered that the case be transferred to the Southern District of California. The Petition was received and filed in this Court on August 30, 2006.

In his Petition, Hill asserts four grounds for relief: (1) The BPH altered the transcripts of his March 20, 2002, parole hearing; (2) the BPH did not consider letters submitted in support of his suitability for parole; (3) during his parole hearing, the BPH commissioner referenced the crime of stalking, although Petitioner was not convicted of stalking; and (4) the prosecuting attorney fraudulently misrepresented that Hill had not engaged in programming, therapy, or educational training while in prison. (Pet. 5-6.) Petitioner also alleges that the BPH erred by considering malicious statements made by a correctional officer about Hill and that the BPH made recommendations that are forbidden by California law. (<u>Id.</u> at 5a; <u>see</u> Pet. Attach. Ex. Vol. III at 2. [doc. no. 1, Pt. 1, at 10])

On February 2, 2007, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus [doc. no. 11] with a Memorandum of Points and Authorities and a Notice of Lodgment [doc. no. 12]. Respondent contends that Hill's Petition should be dismissed because it was filed after the expiration of the statute of limitations; Petitioner's claims were not exhausted in state court; and Hill's claims fail to present a federal question because they do not allege a violation of federal law. (Resp't's Mem. of P. & A. 2.)

Petitioner filed an Opposition to Motion of Respondent[] to Dismiss [doc. no. 18] and a Notice of Lodgment [doc. no. 18 Attach. 1] on April 4, 2007. Hill claims his Petition should not be dismissed because he has properly pleaded violations of his federal constitutional rights, and his Petition is timely. (Pet'r's Opp'n 2, 6.) Petitioner admits that he did not properly exhaust his claims by presenting them to the state appellate court and supreme court, but he alleges that this error should be excused. (<u>Id.</u> at 11-12.)

///

## III. STANDARD OF REVIEW

Because Hill filed his Petition after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C.A. § 2244 (West 2006). AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see also Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991).

In 1996, Congress "worked substantial changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997). Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C.A. § 2254(a). Petitioner must allege that the state court violated his federal constitutional rights. See Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d

at 885 (concluding that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation).

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) — whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 71 (citation omitted). In other words, a federal court is not required to review the state court decision de novo. Id. Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1). Id.

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997) (emphasis added). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." Id. "[A] state court decision may not be overturned on habeas corpus review, for example, because of a conflict with Ninth Circuit-based law." Moore, 108 F.3d at 264. "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." Id.; see also Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996); Childress v. Johnson, 103 F.3d 1221, 1225 (5th Cir. 1997); Devin v. DeTella, 101 F.3d 1206, 1208 (7th Cir. 1996).

> [A] state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from . . . precedent."

Lockyer, 538 U.S. at 73 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)) (citing Bell v. Cone, 535 U.S. 685, 694 (2002)). A state court unreasonably applies federal law if its

///

1 application is "objectively unreasonable," which is "more than [being] incorrect or erroneous." Id. at 75.

## IV. DISCUSSION

Respondent contends that Hill's Petition should be dismissed because it was filed after the expiration of the statute of limitations; Petitioner's claims were not exhausted in state court; and Hill's claims fail to present a federal question because they do not allege a violation of federal law. (Resp't's Mem. of P. & A. 2.)

### A.     The Petition is Barred by the Statute of Limitations.

Respondent asserts that Hill's Petition is time-barred under AEDPA's one-year period of limitations. (Resp't's Mem. of P. & A. 3.) The relevant part of the statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d) (West 2006).

For state prisoners challenging parole board decisions, AEDPA's statute of limitations is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D) — the date the factual predicate of the claim was discovered. Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). The factual basis of Hill's habeas claims was discovered when the board denied his administrative appeal on February 11, 2003. Id.; Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). AEDPA's

one-year statute of limitations began to run the next day, February 12, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (explaining the application of Federal Rule of Civil Procedure 6(a) to the calculation of the limitations period under AEDPA). Absent statutory tolling under § 2244(d)(2) or equitable tolling, February 11, 2004, was the last day on which Hill could file a timely federal habeas petition. Id. The pending Petition was mailed on July 20, 2006, and filed on July 26, 2006.

### 1. Statutory Tolling

Under AEDPA, the statute of limitations is tolled during periods when a petitioner has a properly filed application for collateral review pending in state court. Specifically, 28 U.S.C. § 2244(d)(2) states:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (West 2006).

In addition, the "interval" between the disposition of one state petition and the filing of another may be tolled under interval tolling. Carey v. Saffold, 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999)); see also Carey, 536 U.S. at 219-22. An application for state collateral review is pending "as long as the ordinary state collateral review process is 'in continuance — i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" Carey, 536 U.S. at 219-20.

A state habeas petition must be "properly filed" to toll the statute of limitations. 28 U.S.C. § 2244(d)(2). "'Properly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state." Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005), amended, 439 F.3d. 993 (9th Cir.), cert. denied, 127 S. Ct. 132 (2006) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). A petition that is

dismissed by the state court as untimely is not "properly filed" under AEDPA, so it will not toll the statute of limitations. Id. at 1149; see Evans v. Chavis, 546 U.S. 189, 198 (2006).

AEDPA's statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. Nino, 183 F.3d at 1006. The federal statute of limitations began to run on February 12, 2003, but Hill did not file his first state habeas petition until September 22, 2003. (Lodgment No. 4, Hill v. Daly, Case No. BH002463, Pet. for Habeas Corpus 1.) Two hundred twenty-two days passed in the interim. This time is not tolled under AEDPA.

The statute was tolled, however, while Petitioner had properly filed habeas petitions pending in the state superior and appellate courts. But Hill's final state habeas petition, filed in the California Supreme Court, was denied with a citation to In re Robbins, 18 Cal. 4th 770, 780, 959 P.2d 311, 316, 77 Cal. Rptr. 2d 153, 158 (1998), indicating that the petition was untimely. (Lodgment No. 5, In re Hill, No. S133871, Order 1); see Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (stating that a citation to page 780 of Robbins is a clear indication the state court applied the timeliness rule to bar review). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey, 536 U.S. at 226). Because Hill's petition to the state supreme court was untimely, it was never "properly filed" and will not toll the federal statute of limitations. Id.; Thorson, 479 F.3d at 645. Accordingly, the statute was not tolled from the time Hill's petition was denied by the California Court of Appeal on August 26, 2004, through July 26, 2006, when Petitioner filed the pending federal Petition. This totals 698 days. Even with statutory tolling from September 22, 2003, when his superior court habeas petition was filed, through August 26, 2004, when the court of appeal denied his petition, Hill's federal Petition, filed on July 26, 2006, is untimely.[2]

---

[2] The Court assumes, without deciding, that Hill proceeded diligently with his petitions in the superior court and appellate court, and is thus entitled to interval tolling for the period of time between these petitions. A petitioner is only entitled to interval tolling for a "reasonable" period of time between a lower court's denial and the filing of a petition in a higher state court. Evans, 546 U.S. at 200. Because it is not necessary for the resolution of the pending Motion to Dismiss, the Court expresses no opinion on the whether the habeas petitions in the lower state courts were unreasonably delayed.

## 2. Equitable Tolling

In some cases, a petitioner may be able to toll the limitations period by demonstrating a basis for equitable tolling. To justify equitable tolling, Hill must establish that (1) he has been diligently pursuing his rights, and (2) extraordinary circumstances beyond his control made it impossible for him to file his Petition on time. Pace v. DiGuglielmo, 544 U.S. at 418; Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)

Petitioner has the burden of establishing the existence of extraordinary circumstances that warrant equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (citing United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999)). Equitable tolling is justified in few cases. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Hill asserts that he is entitled to equitable tolling because he had a shoulder injury requiring surgery which impaired his ability to litigate his state habeas petitions. (Pet'r's Opp'n 10.) He alleges that he sustained a serious injury to his right shoulder in or around May 2004. (Id.; Pet'r's Lodgment No. 7, Hill Decl. to Cal. Supreme Ct. 1 (May 4, 2005) [doc. no. 18 Attach. 1].) An MRI performed on June 24, 2004, showed multiple abnormalities including a rotator cuff tear. (Pet'r's Lodgment No. 7, Hill Decl. to Cal. Supreme Ct. Ex. B-15 [doc. no. 18 Attach. 1.]) He had surgery on his shoulder on January 4, 2005. (Id. Ex. B-16.) Petitioner contends that this injury made him unable to use his right arm and unable to write, which caused his delay in presenting his claims to the California Supreme Court and this Court. (Pet'r's Opp'n 10; Pet'r's Lodgment No. 7, Hill Decl. to Cal. Supreme Ct. 1 [doc. no. 18 Attach. 1].)

Physical or mental illness of a petitioner will toll the statute of limitations if it actually prevents the prisoner from pursuing his legal rights during the limitations period. Rhodes v.

1  Senkowski, 82 F. Supp. 2d 160, 168–70 (S.D.N.Y. 1999) (collecting cases).  Hill must show
2  a causal link between his physical impairments and his failure to file a timely Petition.  See
3  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); Marsh v. Soares, 223 F.3d 1217, 1221
4  (10th Cir. 2000)).

5  Petitioner has not met his burden of proving extraordinary circumstances because he
6  has not shown the requisite causal link between his shoulder injury and his delay in seeking
7  habeas relief.  Hill was injured in May 2004, and he was diagnosed with a rotator cuff tear in
8  June 2004.  (Pet'r's Lodgment No. 7, Hill Decl. to Cal. Supreme Ct. 1 [doc. no. 18 Attach. 1].)
9  The injury was corrected with surgery in January 2005.  (Id. Ex. B-16.)  He asserts that from
10 May 2004 until March 2005, when his shoulder finally healed from surgery, he was unable to
11 use his right arm, even to write.  (Id.)  The evidence, however, shows that Hill was able to
12 complete and file a habeas petition in the California Court of Appeal on July 27, 2004, and he
13 was able to refile the petition in the correct division of the appellate court on August 23, 2004.
14 (See Pet'r's Lodgment No. 3, In re Hill, No. D044756, Letter from Deputy Clerk Jean Cook to
15 Petitioner [doc. no. 18 Attach. 1]; Resp't's Lodgment No. 9, In re Hill, No. B177389, Pet. for
16 Habeas Corpus.)  Petitioner's lengthy, handwritten petition to the court of appeal filed in
17 August 2004 undermines his claim that during this time period his shoulder injury made it
18 impossible for him to timely pursue habeas relief.

19 Even if the Court were to accept Hill's contention that he should be entitled to equitable
20 tolling for the time during which his shoulder was injured, Petitioner cannot justify equitable
21 tolling for the delays prior to and following his injury.  Hill's injury and shoulder surgery does
22 not explain the delay of 222 days between February 12, 2003, when the statute of limitations
23 began to run, and September 22, 2003, when Petitioner filed his first state habeas petition.
24 It also does not explain the delay of 174 days between the denial of his habeas petition by the
25 California Supreme Court on February 1, 2006, and the filing of his federal Petition on July 26,
26 / / /
27 / / /
28 / / /

2006.[3] When combined, these two time periods total 396 days, which exceeds AEDPA's one year statute of limitations. Thus, even if the limitations period was tolled from May 2004 until March 2005 — the period of Hill's claimed incapacitation — his federal Petition would still be untimely.

Petitioner's only other argument in favor of equitable tolling is that he has been diligent in light of "the particular circumstances of prison life" including limited access to the law library and lack of access to law books and internet databases for conducting research. (Pet'r's Opp'n 10-11.) This is not sufficient to justify equitable tolling, because Hill has not met his burden of establishing "extraordinary circumstances." Petitioner does not provide any facts showing he was denied access to his legal materials or that he did not have a means of learning AEDPA's requirements. Cf. Espinoza-Matthews, 432 F.3d at 1027–28 (finding equitable tolling was warranted where petitioner did not have access to his legal papers for eleven months); Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir. 2006) (holding that denial of access to Spanish-language legal materials and inability to obtain a translator could justify equitable tolling); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (holding that unavailability of AEDPA in prison law library could constitute grounds for equitable tolling). Petitioner has also failed to show, with specificity, that he acted diligently in seeking to access the prison law library to pursue his habeas claims. See Roy v. Lampert, 465 F.3d 964, 971-72 (9th Cir. 2006) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Petitioner is not entitled to equitable tolling. Accordingly, his Petition is untimely, and Respondent Giurbino's Motion to Dismiss is **GRANTED**.

### B. Petitioner Failed to Exhaust His Claims in State Court.

Respondent asserts that the Petition should also be dismissed because Petitioner failed to exhaust his claims in state court. (Resp't's Mem. of P. & A. 6–8.) Respondent contends

---

[3] Under the prison mailbox rule, a prisoner's federal habeas petition should be considered filed on the day it was given to prison authorities for mailing to the Court, rather than the day it was received and file-stamped. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (citations omitted). Hill's Petition was signed on July 20, 2004. (Pet. 7.) If the Court uses this date to calculate the running of the limitations period, Petitioner's Petition is still untimely. The mailbox rule will reduce the running of the statute from 396 days to 391 days. Using either calculation, the Petition is untimely.

1 that Hill's habeas petition to the California Supreme Court presented only one ground for relief: "that the court of appeal violated his due process rights by issuing a silent denial based only on In re Rosenkrantz, 29 Cal. 4th 616 (2002)." (Id. at 7.) Additionally, Respondent claims the only ground for relief presented to the court of appeal was "an allegation that the superior court deliberately ignored the facts and evidence when it denied [Hill's] petition, accompanied by an argument that the superior court and Board's decisions were not supported by the evidence." (Id.)

Before Petitioner can avail himself of this Court's jurisdiction to rule on the merits of his petition, he must have first exhausted available state judicial remedies. Picard v. Connor, 404 U.S. 270, 275 (1971); see also Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (citing Picard, 404 U.S. at 276); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The exhaustion doctrine has been codified in 28 U.S.C. § 2254(b)(1)(A), which states, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the court of the State." By allowing state courts the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," comity is promoted, and disruption of state judicial proceedings is prevented. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275); Rose v. Lundy, 455 U.S. 509, 518 (1982). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard, 404 U.S. at 275.

Hill's superior court habeas petition raised six claims relating to his March 20, 2002, parole hearing: (1) The BPH altered the hearing transcripts; (2) the Board did not consider letters submitted in support of Petitioner; (3) the BPH stated that Hill stalked his ex-wife although he was never convicted of stalking; (4) the deputy district attorney made fraudulent misrepresentations about Petitioner's programming in prison; (5) a correctional officer's opinion was used by the Board to deny Hill parole, but the officer did not know Petitioner well enough to form an opinion about his parole suitability; and (6) the BPH's recommendation that

///

1 Hill participate in self-help and therapy programming was unjust and contrary to California law.
2 (Lodgment No. 4, Hill v. Daly, No. BH002463, Pet. for Habeas Corpus 3-30.)

3 In his petition to the court of appeal, Petitioner did not present these specific claims.
4 Instead, Hill argued that the superior court had deliberately ignored the evidence he presented
5 to it in support of his claims, resulting in a denial of due process. (Lodgment No. 9, Hill v.
6 Superior Court, No. B177389, Pet. for Habeas Corpus 3-4 & n.1.) Petitioner also contended
7 that the superior court erred when, initially and in response to Hill's request for reconsideration,
8 it failed to address four of his claims. (Id. at 5.) In his subsequent habeas petition to the
9 California Supreme Court, Hill sought review of the decisions of both the superior court and
10 the appellate court, alleging that neither court had considered the evidence he presented, and
11 the superior court did not address claims three through six of his petition. (Lodgment No. 11.,
12 In re Hill, No. S133871, Pet. for Habeas Corpus 5.)

13 The critical question in determining whether a federal claim has been exhausted is
14 whether it has been fairly presented to the state courts. Picard, 404 U.S. at 275; Anderson
15 v. Harless, 459 U.S. 4, 6 (1982); Rose, 455 U.S. at 518. To fairly present a federal claim in
16 state court, "it is not sufficient merely that the federal habeas applicant has been through state
17 courts." Picard, 404 U.S. at 275-76. Instead, the petitioner must clearly state his claim as
18 arising under the federal constitution so that the state court is apprised of the federal nature
19 of the claim. Duncan, 513 U.S. at 365-66. A petitioner must provide the highest state court
20 with a fair opportunity to consider the factual and legal bases of his claims before presenting
21 them to the federal court. Weaver, 197 F.3d at 364 (citing Picard, 404 U.S. at 276; Zenon, 88
22 F.3d at 829); see also Duncan, 513 U.S. at 365; Correll v. Stewart, 137 F.3d 1404, 1411-12
23 (9th Cir. 1997). Although it is not necessary for a petitioner to cite "book and verse on the
24 federal constitution[,]" the substance of his claim must be presented. Picard, 404 U.S. at 278
25 (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).

26 In Baldwin v. Reese, 541 U.S. 27 (2004), the Supreme Court reversed a Ninth Circuit
27 decision that held the "fair presentation" requirement is satisfied when a state supreme court
28 is given the opportunity to read a lower court's decision in which a federal claim is presented.

The Court ruled that this does not meet the fair presentation standard because to "say that a petitioner 'fairly presents' a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges <u>must</u> read the lower court opinions . . . [, and] federal habeas corpus law does not impose such a requirement." <u>Id.</u> at 31 (emphasis in original); <u>cf.</u> <u>Casey v. Moore</u>, 386 F.3d 896, 911 n.12 (9th Cir. 2004).

Hill did not present the substance of his claims to the highest state court, but merely referred the court to his lower-court habeas petitions. This is not sufficient to exhaust his claims in state court. In his Opposition to Respondent's Motion, Petitioner concedes that he did not fairly present his federal claims to either the California Court of Appeal or the California Supreme Court. (Pet'r's Opp'n 11-12.) He admits that this was an error, but asks the Court to excuse his error and consider his claims on the merits. (<u>Id.</u> at 12.)

"The exhaustion requirement serves AEDPA's goal of promoting comity, finality and federalism, by giving state courts the first opportunity to review [the] claim, and to correct any constitutional violation in the first instance." <u>Carey v. Saffold</u>, 536 U.S. at 220 (internal citations and quotation marks omitted). These goals would not be served if the Court were to "excuse" Petitioner's failure to exhaust. The California courts were not given a fair opportunity to consider Hill's claims and correct any alleged constitutional violations. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citations omitted). Accordingly, Petitioner is barred from obtaining federal habeas relief.

When presented with a mixed petition — one containing both exhausted and unexhausted claims — the Court has the discretion to issue a stay and hold the petition in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). But "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)). Because Hill's Petition contains only unexhausted claims, the Court **GRANTS** Respondent's Motion to Dismiss.

## C. The Petition Fails to State a Claim that Would Entitle Petitioner to Federal Habeas Relief.

Hill's Petition contains four grounds for relief: (1) The BPH altered the transcripts of his March 20, 2002, parole hearing; (2) the BPH did not consider letters submitted in support of his suitability for parole; (3) during his parole hearing, the BPH commissioner referenced the crime of stalking, although Petitioner was not convicted of stalking; and (4) the prosecuting attorney fraudulently misrepresented that Hill had not engaged in programming, therapy, or educational training while in prison. (Pet. 5-6.) In Hill's attached exhibits, he makes two additional arguments: (a) The BPH considered malicious statements made by a correctional officer, and (b) the BPH made recommendations forbidden by California law (Pet. Attach. Ex. Vol. III at 2 [doc. no. 1, Pt. 1, at 10].) Respondent argues that Hill's Petition fails to state a federal claim because he does not allege that any of his federal rights were violated, and he does not cite any federal law or any constitutional provisions to support his claims. (Resp't's Mem. of P. & A. 2.)

Hill attached multiple exhibits to his federal Petition. The state habeas petition, filed with the California Court of Appeal, is one of them. (Pet. Attach. [doc. no. 1, Pt. 2, 19–32].) Although the state petition alleges a denial of due process by the Los Angeles Superior Court, (Id. at 19–20, 23–25.), that claim is distinct from the claims asserted here. (See Pet. 5–6.) The claims in Hill's federal Petition do not make specific reference to the United States Constitution, the Fifth Amendment, or federal laws.

To present a cognizable federal habeas corpus claim, a state prisoner must allege a violation of federal laws or the Constitution. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Habeas relief is not available for an alleged error in the interpretation or application of state law. A federal district court does not have general supervisory authority over the proper application of state law. Jackson, 921 F.2d at 885; McCotter, 786 F.2d at 700. Instead, federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow, 877 F.2d at 1400. Habeas relief is "available only where 'the Constitution or other federal law specifically protects against the alleged unfairness or

guarantees the procedural right in state courts.'" Hernandez, 930 F.2d at 719 (quoting Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)).

Hill's Petition sets forth specific factual allegations that Petitioner contends entitle him to habeas relief. He claims that the BPH committed several errors in relation to his parole hearing held on March 20, 2002. (See Pet. 5–6.) But the Petition does not indicate what body of law is the basis for Hill's claims. He does not cite either state or federal law or make reference to any constitutional provisions. It is unclear from the claims in his Petition whether Petitioner is asserting that his federal constitutional rights were violated, or whether he is alleging that the BPH violated state law when it denied him parole.

Federal habeas review under 28 U.S.C. § 2254 is only available for a petitioner who alleges that he is held in state custody in violation of the Constitution or laws of the United States. Here, Hill's Petition does not allege that he is held in violation of the Constitution or federal law. He points to claimed errors committed by the BPH during his March 20, 2002, parole determination hearing, but Hill does not tie those errors to any alleged violation of the Constitution. Accordingly, Petitioner has failed to properly plead a claim that would entitle him to habeas relief.

## V. CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus is **GRANTED**. Hill's Petition is **DISMISSED WITH PREJUDICE** in its entirety.

**IT IS SO ORDERED.**

DATED: September 14, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

**United States District Judge**

cc: Judge Brooks
All parties of record